**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JUBILEE ELIZABETH KIRVEN,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:12-CV-4430-BF |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| Commissioner of Social Security, | § | |
| Defendant. | § | |

**MEMRANDUM OPINION AND ORDER**

Plaintiff Jubilee Elizabeth Kirven ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for supplemental security income under Title XVI of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including mental retardation, severe back pain, high blood pressure, depression, and bipolar disorder. Tr. [D.E.13-3 at 15, 17]. After her application for supplemental security income was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge. That hearing was held on March 9, 2011 in Dallas, Texas. *Id.* [D.E.13-3 at 11]. At the time of the hearing, Plaintiff was 47 years old. *Id.* [D.E.13-3 at 17]. Plaintiff has a 10th grade education and no past relevant work. *Id.* [D.E. 13-3 at 17]. Plaintiff has not engaged in substantial gainful activity since her application date of January 25, 2010. *Id.* [D.E. 13-3 at 13].

The ALJ found that Plaintiff was under a disability, but that a substance use disorder was a contributing factor material to the determination of disability, and therefore Plaintiff has not been

disabled under the Social Security Act at any time from the date her application was filed through the date of the ALJ's decision. *Id.* [D.E.13-3 at 11]. The ALJ determined that Plaintiff suffered from the following severe impairments: hypertension, bilateral bunion, bipolar disorder depression, and polysubstance abuse. *Id.* [D.E. 13-3 at 13-14]. The judge concluded that Plaintiff's impairments, including the substance use disorder, met sections 12.04 and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* [D.E. 13-3 at 13-14]. However, the judge concluded that absent Plaintiff's substance abuse, Plaintiff's impairments would not meet or medically equal any listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* [D.E. 13-3 at 15]. The ALJ determined that Plaintiff had the residual functional capacity to perform a modified range of medium work. *Id.* [D.E. 13-3 at 20]. Relying on the testimony of a vocational expert, the judge found that Plaintiff was capable of working as a housekeeper, a production worker/final assembler, and a bakery worker -- jobs that exist in significant numbers in the national economy. *Id.* [D.E. 13-3 at 20-21]. Plaintiff appealed that decision to the Appeals Council. *Id.* [D.E. 13-2 at 2]. The Council affirmed. *Id.* [D.E. 13-2 at 2]. Plaintiff then filed this action in federal district court.

## **Legal Standards**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## **Analysis**

Plaintiff's appeal raises the following issues:

1. Whether the ALJ erred at Step 3 in finding that Plaintiff does not meet the listing for mental retardation, Listing 12.05(C); and
2. Whether the ALJ's finding that Plaintiff is not disabled if the Plaintiff stops substance use, is not supported by substantial evidence and does not follow the procedures set forth in 20 C.F.R. § 416.935.

Pl.'s Br. [D.E. 15 at 1].

### 1. Mental Retardation

The threshold criteria of Section 12.05 which addresses mental retardation requires Plaintiff to show "significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates an onset before age 22." *See Campos v. Astrue*, No. 5:08-CV-115-C, 2009 WL 1586194, at *2 (N.D. Tex. June 8, 2009) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05). Once Plaintiff shows that

4

she meets the threshold criteria, she may qualify for disability after showing that she meets the criteria under one of four sub-sections. *See id.* Plaintiff contends here that the ALJ errered at Step 3 in finding that Plaintiff does not meet the listing for mental retardation, Listing 12.05(C). *See* Pl.'s Br. [D.E. 15 at 5-12]. Listing 12.05(C) requires Plaintiff to prove: (1) a valid verbal, performance, or full scale Intelligence Quotient ("IQ") of 60 through 70; and (2) a physical or mental impairment imposing an additional and significant work-related limitation of function. *See Burns v. Astrue*, No. H-10-3772, 2011 WL 11048252, at *6 (S.D. Tex. Jul. 29, 2011). When analyzing whether Plaintiff meets the IQ requirements of Listing 12.05(C), the "ALJ may make factual determinations on the validity of [the] IQ test[]." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991 (citing *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989)).

Even if the Court assumes here that Plaintiff's IQ score meets the criteria of Listing 12.05(C), Plaintiff's argument that she is disabled under Listing 12.05(C) must be rejected because she has not shown that her impairments meet the threshold criteria under Section 12.05. The threshold criteria of Section 12.05 require that the evidence show that Plaintiff suffers from deficits in adaptive functioning. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(C). "Adaptive functions" are activities such as "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for grooming and hygiene, using telephones and directories, and using a post office." *See Campos*, 2009 WL 1586194, at *2 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(1)). As noted by the ALJ, Plaintiff does not meet the criteria for Section 12.05 because the evidence shows that Plaintiff managed to take care of herself for decades after she left home as a teenager. *See* Tr. [D.E. 13-3 at 15]. Plaintiff testified that she was able to obtain what she needed to survive even during periods of homelessness. *See id.* [D.E. 13-2 at 11-19]. Plaintiff testified that

5

although she has not had a full-time job in the last 15 years, Plaintiff has had friends provide her with food, housing when the weather gets cold, and that a friend even purchased 24 ounces of beer for her the day before her hearing before the ALJ. *See id.* [D.E. 13-2 at 12]. Plaintiff testified that she moved to California from Texas in 2009 or 2010 and returned to Texas after staying in California for about nine months. *See id.* [D.E. 13-2 at 16]. Plaintiff testified that she obtained medication for her bipolar disorder in California and Texas. *See id.* [D.E. 13-2 at 13-18]. Plaintiff also testified that she operated a motor vehicle without a driver's license and has a DWI conviction. *See id.* [D.E. 13-2 at 11]. Further, Dr. George R. Mount noted that Plaintiff is capable of taking the bus, remembers to take medications as prescribed, can perform simple calculations, and has worked in the past primarily as a cook. *See id.* [D.E. 13-8 at 3, 6].

Numerous individuals have observed Plaintiff's well-kept appearance despite her alleged homelessness. Dr. Mount noted that Plaintiff's appearance was casual and that her grooming was fair. *See id.* [D.E. 13-8 at 3]. Dr. Susanne Fletcher observed that Plaintiff was adequately groomed and casually dressed. *See id.* [D.E. 13-7 at 123]. The agency employee assisting Plaintiff with her Social Security application on February 2, 2010 noted that Plaintiff's "appearance and grooming were good. She was nicely dressed and her hair and nails were done. She did not seem nervous or tense[]. Only tension observed was when she kept giving incorrect and misleading information about her living arrangements and mar[it]al status. She was very much in control of the situation and her condition." *See id.* [D.E. 13-6 at 41]. Similarly, an agency employee assisting Plaintiff with a previous Social Security application on February 4, 2009 noted that while she "stated that she has been living in the park at one of [the] Dallas recreation centers[,] she had extended hair along with a french manicure." *See id.* [D.E. 13-6 at 3].

Plaintiff bears the burden of proving that her impairments meet or equal each of the specified medical criteria of a listing. *See Campos*, 2009 1586194, at *3 (citing *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990)). Plaintiff failed to show that she experienced deficits in adaptive functioning and has not, therefore, shown that her impairments meet all the criteria required under the listing for mental retardation. Therefore, Plaintiff's argument that the ALJ erred at step three of the sequential disability analysis must be rejected.

2. Substance Use

Plaintiff contends that the ALJ's finding that Plaintiff is not disabled if she stopped substance abuse is not supported by substantial evidence and that the ALJ did not follow the procedures set forth in 20 C.F.R. § 416.935. *See* Pl.'s Br. [D.E. 15 at 12-15]. Plaintiff contends that the ALJ failed to evaluate Plaintiff's "current physical and mental limitations" as required by 20 C.F.R. § 416.935. *See id.* [D.E. 15 at 12]. Plaintiff further contends that the ALJ violated the standards set forth in SSR 82-60, which states in part as follows: "It is very important that relevant medical evidence – including history, physical examination, and pertinent laboratory data – be secured from treatment sources. If sufficient evidence for a decision is not available from these sources, an additional medical examination is required." *See id.* [D.E. 15 at 13]; SSR 82-60. Plaintiff contends that "[i]n order to evaluate whether or not Plaintiff's [drug or alcohol addiction ("DAA")] was material, the ALJ should have accessed medical expert opinion." *See id.* [D.E. 15 at 13]. Plaintiff further contends that pursuant to SSR 13-2p, the ALJ should have sought clarification through a consultative examination to determine whether Plaintiff's "co-occurring mental disorder(s) would not be disabled in the absence of DAA." *See id.* [D.E. 15 at 14]. Plaintiff contends that the ALJ's RFC finding is not based on substantial evidence because the ALJ formulated the RFC based on his own medical

7

expertise. *See id.* [D.E. 15 at 15]. As discussed below, because the ALJ's decision is supported by substantial evidence, any allegations regarding procedural deficiencies are immaterial. *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) ("Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected.").

The medical evidence in the record, as well as Plaintiff's testimony at the March 9, 2011 hearing, provide ample support for the ALJ's finding that Plaintiff suffers from a substance use disorder. In the Dallas Metrocare Services records from 2006, Dr. Susan Delaney noted Plaintiff's "heavy [and] hazardous drinking," and Licensed Professional Counselor Boglarka Simo-Huddleston made note of Plaintiff's "long [history] of alcohol abuse." Tr. [D.E. 13-7 at 3, 41]. Parkland Hospital Records from 2007 noted Plaintiff's marijuana use. *See id.* [D.E. 13-7 at 76]. During a 2009 consultative examination, Dr. James M. Paule noted that Plaintiff consumed a six-pack of beer per week and used marijuana. *See id.* [D.E. 13-7 at 86]. In Plaintiff's medical records from 2010, Dr. Joseph Rudison noted that Plaintiff drank three beers per day. *See id.* [D.E. 13-7 at 113, 116]. During a 2010 consultative examination with Dr. Susanne Fletcher, Plaintiff reported that she "previously used crack cocaine. She report[ed] she did not use on a regular basis and would only use if someone asked her if she wanted a hit. She report[ed] she has not used cocaine in approximately 2 months. She [did] not provide additional information regarding her history of cocaine use despite prompting. She was evasive during the discussion regarding her history of alcohol and drug use. She report[ed] she has had legal problems for a DWI." *See id.* [D.E. 13-7 at 124]. During her psychological evaluation with Dr. George R. Mount on March 8, 2011, Plaintiff reported that she consumes beer "sometimes" but denied any other drug use. *See id.* [D.E. 13-8 at 3]. However, at her hearing before the ALJ on March 9, 2011, Plaintiff testified that she used marijuana three months prior and that she

8

consumed 24 ounces of beer the day before. *See id.* [D.E. 13-2 at 12-13]. Given Plaintiff's inconsistent reporting of her illegal drug use, history of alcohol abuse and testimony of continued alcohol and illegal drug use at the hearing before the ALJ, it was well within the prerogative of the ALJ in weighing the evidence to find that Plaintiff was suffering from a substance use disorder. *See King v. Astrue*, No. 7:08-CV-185-O, 2009 WL 3150307, at *4 (N.D. Tex. Sept. 30, 2009) ("Given Plaintiff's less than unequivocal description of his current drinking habits compiled with his inconsistent reporting of alcohol abuse and use of illegal drugs, it was well within the prerogative of the ALJ in weighing the evidence to find that King was suffering from a substance use disorder.").

When the ALJ determines that Plaintiff is disabled but there is medical evidence in the record of alcoholism or drug addiction, the ALJ must determine whether substance abuse is a "contributing factor material to the determination of disability." 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535(a); 416.935(a). In making this determination, the ALJ must evaluate the extent to which Plaintiff's mental and physical limitations would remain without the presence of substance abuse. If the remaining limitations would not be disabling, the substance use disorder would constitute a contributing factor material to the determination of disability and support a finding that the individual is not disabled. 20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i). If Plaintiff would be disabled even if she stopped using drugs or alcohol, then drug addiction or alcoholism would not be considered a "contributing factor material to the determination of disability." *Id.* at §§ 404.1535(b)(1), 416.935(b)(1). Plaintiff bears the burden of proving that drug or alcohol addiction is not a contributing factor material to her disability. *See Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999) ("Brown is the party best suited to demonstrate whether she would still be disabled in the absence of drug or alcohol addiction. We are at a loss to discern how the Commissioner is supposed

9

to make such a showing, the key evidence for which will be available most readily to Brown. We thus hold, for the first time, that Brown bears the burden of proving that drug or alcohol addiction is not a contributing factor material to her disability.").

While Plaintiff does not contend that she met her burden of proof by adducing evidence to show that drug or alcohol addiction is not a contributing factor material to her disability, Plaintiff contends that the second step under POMS DI 900070.050 to "decide if there is medical evidence of DAA" is a "legal determination" where Plaintiff does not bear the burden of proof and that the burden shifts to her only after the ALJ makes a proper DAA finding. *See* Pl.'s Resp. Br. [D.E. 17 at 9]. Plaintiff contends that the ALJ committed reversible error because "no medical evidence supports the ALJ's legal finding of DAA." *See id.* [D.E. 17 at 9]. Plaintiff cites *Oettinger v. Barnhart*, 2002 WL 31422308, at *4 (W.D. Tex. Sept. 4, 2002) in support of her position that the ALJ committed reversible procedural error. *See* Pl.'s Resp. Br. [D.E. 17 at 9]. However, in *Oettinger*, although "the ALJ found that plaintiff's mental impairments did not render him disabled, she nevertheless proceeded to analyze whether plaintiff's alleged current use of alcohol and/or drugs was a contributing factor material to his disability." *See Oettinger*, 2002 WL 31422308, at *4. The *Oettinger* court went on to say that the "ALJ's consideration of plaintiff's supposed alcoholism or drug addiction was not necessary as the ALJ did not find plaintiff disabled. A finding of disability must first be rendered before determining whether alcoholism and/or drug addiction materially contributed to the disability." *See id.* Here, the ALJ "conclude[d that Plaintiff] is under a disability, but that a substance use disorder[] [wa]s a contributing factor material to the determination of disability." *See* Tr. [D.E. 13-3 at 11]. Therefore, the ALJ first determined that Plaintiff was disabled before considering whether Plaintiff's DAA materially contributed to Plaintiff's disability. *See id.*

10

[D.E. 13-3 at 14-15]. Also in *Oettinger,* the ALJ relied on statements made by non-examining consultative experts and placed substantial weight on the plaintiff's hearing testimony concerning his drug and illegal drug use, and the medical records demonstrated that the plaintiff had a past history of substance abuse rather than an existing one. *See Oettinger*, 2002 WL 31422308, at *6. Therefore, the court there found that the DAA finding was not supported by medical evidence. *See id*. Here, medical evidence, including reports from examining medical specialists, demonstrate an ongoing pattern of drug and alcohol abuse. For these reasons, *Oettinger* is distinguishable from the case at hand. *See King*, 2009 WL 3150307, at *2-4 (distinguishing *Oettinger* and affirming ALJ's decision where ALJ similarly found at Step 2 that the plaintiff suffered from impairments including bipolar disorder and substance use disorder but concluded that the plaintiff was not under a disability absent the substance use).

      The ALJ found that absent the substance abuse, Plaintiff would have the severe impairments of hypertension, bilaterial bunion, and bipolar disorder depression. *See id.* [D.E. 13-3 at 15]. The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms not credible to the extent that they were inconsistent with the RFC assessment. *See id.* [D.E. 13-3 at 17]. The ALJ noted that Plaintiff sought little, if any treatment for her alleged physical impairments and that there was no evidence of malignant hypertension that would not respond to compliance with conservative medical treatment and cessation of substance abuse. *See id.* [D.E. 13-3 at 17]. The ALJ found that Dr. James M. Paule's opinion was consistent with the medical evidence of record and adopted it in large part. *See id.* [D.E. 13-3 at 17-18]. Dr. Paule opined that Plaintiff "could stand and or walk for up to six hours in an[] eight-hour workday, and sit for up to six hours in an eight-hour workday." *See id.* [D.E. 13-3 at 17-18]. However, the ALJ did not adopt Dr. Paule's

11

opinion in its entirety because "he indicated that [Plaintiff] did not require postural, manipulative, visual, communicative or environmental limitations. Although the evidence [did] not suggest any limitations associated with [Plaintiff's] elevated blood pressure, the [ALJ afforded Plaintiff] the benefit of the doubt, and has included limitations in the residual functional capacity . . . ." *See id.* [D.E. 13-3 at 18]. The ALJ also observed Plaintiff's continual successful efforts in obtaining medication for her bipolar disorder over the years, obtaining medication in California and Texas, despite her alleged mental retardation. *See id.* [D.E. 13-3 at 19]. Further, the ALJ noted Dr. Barbara Susanne Fletcher, the consultative psychological examiner's observation that there "was no looseness of association, circumstantiality, or tangentiality observed in [Plaintiff's] thought process. Her speech was clear and easily understood, and her memory was intact." *See id.* [D.E. 13-3 at 19; 13-7 at 125]. In sum, the ALJ's decision is supported by substantial evidence in the record. Because the ALJ's decision is supported by substantial evidence, Plaintiff's allegations regarding any procedural errors are immaterial. *See Audler*, 501 F.3d at 448.

## Conclusion

For the foregoing reasons, the final decision of the Commissioner is AFFIRMED.

SO ORDERED, this 27th day of March, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE